1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHION WILLIAMS, | CASE NO. 1:09-cv-02259-GBC PC |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| KELLY HARRINGTON, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____/ | |

**I.      Screening Requirement**

        Plaintiff Tashion Williams is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint in this action was filed on December 30, 2009.  (Doc. 1.)

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C  § 1915(e)(2)(B).

        In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1    Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 554, 555

2    (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3    relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

4    Further, although a court must accept as true all factual allegations contained in a complaint, a court

5    need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare

6    recitals of the elements of a cause of action, supported by mere conclusory statements, do not

7    suffice." Id. (quoting Twombly, 550 U.S. at 555).

8    **II.**    **Complaint Allegations**

9       Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

10   is incarcerated at Calipatria State Prison. The incidents in the complaint occurred while he was

11   housed at Kern Valley State Prison ("Kern Valley"). Plaintiff alleges that on December 11, 2008,

12   he wore a pair of underwear that had been laundered in the prison laundry. He allegedly developed

13   painful blisters from a reaction to the chemical used to wash the clothing. Plaintiff called to the

14   tower officer, Quirno, who allowed Plaintiff out of his cell to talk to medical staff. (Doc. 1, § IV.)

15       According to the complaint, Plaintiff told Quirno that the injured areas were getting worse

16   and it felt as if his skin was being burned off. Quirno informed Plaintiff that he had contacted

17   medical staff and explained to them the severity of Plaintiff's injuries. Plaintiff alleges that Quirno

18   told the medical staff that the injury appeared to be serious and very painful. (Id., p. 4.)

19       After several hours, Plaintiff was suffering from severe, extremely painful burns, to the point

20   that he was unable to get up. Plaintiff alleges that medical staff member Treadwell responded after

21   making her regular rounds, refused to assess Plaintiff's injury, and gave him a "sick-call" slip.

22   Plaintiff states he suffered for several days from severe pain and discomfort in the groin, testicle,

23   buttocks, and thigh area without medical care or treatment, causing him to have difficulty ambulating

24   and sitting. (Id.)

25       Plaintiff names Defendants Harrington and Kern Valley Medical Staff, however, fails to set

26   forth the relief requested in his complaint. For the reasons set forth below, the Court finds that the

27   complaint fails to state a cognizable claim for relief.

28   ///

**III.**   **Discussion**

**A.**   **Eighth Amendment Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)).   The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050 (9th Cir. 1991), <u>overruled on other grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. <u>Jett</u>, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 291 F.3d 1051, 1060 (9th Cir. 2004).   The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

**B.**   **Defendant Treadwell**

In the complaint, Plaintiff alleges that medical staff were informed that he was experiencing a severe and painful reaction to clothing provided to him by the state.  Plaintiff asserts that Defendant Treadwell displayed deliberate indifference to him by responding after completing her regular rounds and refusing to assess Plaintiff's injury, which resuled in the continuation of his severe pain and discomfort.   The Court finds that this is sufficient to state a cognizable claim for a violation of the Eighth Amendment against Defendant Treadwell.

**C.**   **Other Medical Staff**

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. <u>Iqbal,</u> 129 S. Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility

of misconduct falls short of meeting this plausibility standard. <u>Iqbal</u>, 129 S. Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969. The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

Additionally, every pleading must name all parties. Fed. R. Civ. P. 10(a). In order for an action to proceed the identity of the parties must be known. Where the name of the defendant is unknown to Plaintiff prior to the filing of the complaint, he will be given an opportunity during discovery to identify the unknown defendant. <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999). However, the complaint must contain sufficient information to determine the action taken by the defendant named in the complaint.

Plaintiff names "Kern Valley State Prison (Facility 'D') Medical Staff." (Doc. 1, § III.) Other than Defendant Treadwell, the complaint is insufficient to identify any individual defendant who participated in the alleged violation of Plaintiff's constitutional rights. In the amended complaint, Plaintiff must allege facts sufficient to separately identify each defendant who Plaintiff is claiming violated his constitutional rights.

### D.   Defendant Harrington

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. <u>Iqbal</u>, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. <u>Id.</u> at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has named Defendant Harrington in this action, but has not set forth any action taken by Defendant that violated his constitutional rights.

### E.   Demand for Relief

In order for a pleading to state a claim for relief it must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Plaintiff failed to state the relief he is seeking in his complaint. (Doc. 1, § V.) Since

4

1
2
Plaintiff failed to include the relief requested the complaint will be dismissed for failure to state a claim for relief, with leave to amend.

3
**IV.  Conclusion**

4
5
6
7
8
9
10
11
The Court finds that, although Plaintiff's complaint states a cognizable claim for a violation of his constitutional rights against Defendant Treadwell, the failure to state the relief requested requires the complaint be dismissed for failure to state a claim.  Further, Plaintiff fails to state a claim against Defendant Harrington or any other defendant. The Court will provide Plaintiff with the opportunity to file an amended complaint within thirty days curing the deficiencies identified in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

12
13
14
15
16
17
18
Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

19
20
21
22
23
24
Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

25
Based on the foregoing, it is HEREBY ORDERED that:

26
1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

27
28
2.     Plaintiff's complaint, filed December 30, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

5

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:      October 28, 2010

UNITED STATES MAGISTRATE JUDGE

6