# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHION WILLIAMS, | CASE NO.   1:09-cv-02259-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| KELLY HARRINGTON, et al., | |
| Defendants. | Doc. 23 |
| | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings and Recommendations**

**I. Procedural History**

On December 30, 2009, Plaintiff Tashion Williams ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On December 1, 2010, Plaintiff filed a first amended complaint. Doc. 10. On December 7, 2010, this Court screened Plaintiff's complaint finding that it stated a cognizable claim for relief against Defendants Treadwell and Robaina ("Defendants") for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. Doc. 11. On January 6, 2011, the Court issued a second informational order, advising Plaintiff that Defendants may file an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th. Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). Doc. 13. On July 6, 2011, Defendants filed a motion to dismiss. Doc. 23. On August 22, 2011, the Court issued an order requiring Plaintiff to file an opposition or non-opposition to Defendants' motion to dismiss. Doc. 24. On October 3, 2011, Plaintiff filed a motion for extension of time to file an opposition. Doc. 25. On October 6, 2011, the Court granted Plaintiff's motion for extension of time. Doc. 27. On November 7, 2011, Plaintiff filed a second motion for extension of time to file an opposition. Doc. 29. On November 22, 2011, the Court granted Plaintiff's second

motion for extension of time. Doc. 31. The Court advised Plaintiff that he has had four months to file a response to Defendants' motion to dismiss; that no further extensions of time would be granted; and that if Plaintiff fails to file a response, the Court will decide the merits of Defendants' motion to dismiss without considering a response from Plaintiff. *Id.* The deadline to file a response was December 15, 2011, and Plaintiff has not filed an opposition or a response to the Court's order. Therefore, this matter is deemed submitted pursuant to Local Rule 230(l).

## **II. Legal Standard for Exhaustion Of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza*, 837 F.2d at 368). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1. The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be

submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

### III. Analysis

It is apparent from the record that Plaintiff filed a grievance which was partially granted at the first and second levels of review. Plaintiff attempted to appeal the grievance to the third level; however, it was screened out because Plaintiff failed to complete it correctly. Plaintiff was instructed to complete the form and resubmit it. Defendant has demonstrated that Plaintiff did not resubmit the screened out grievance to the third level. As such, the Court finds that Plaintiff failed to exhaust his grievance through the third level of review.

As stated previously, in order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Ngo*, 548 U.S. at 86. This requires compliance with the administrative remedies procedure set forth by the prison. *Id.* at 90-91 (proper exhaustion requires complying "with an agency's deadlines and other critical procedural issues because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). Administrative Bulletin 05-03 was part of CDCR's inmate grievance system. CDCR's interpretation of that bulletin is reasonable. *See Andreas v. Yates*, No. 1:08-cv-01410-LJO-GBC (PC), 2011 WL 320307, at *2-3 (E.D. Cal. Jan. 28, 2011) (finding that plaintiff failed to exhaust when his appeal was screened-out on the ground that it combined disciplinary issue with staff-complaint issues). Thus, Plaintiff's grievance being screened out because

Plaintiff failed to complete it correctly was a proper response. Plaintiff was informed of how to correct his error in the screen-out letter, but he did not re-submit his grievance. Accordingly, the Court finds that Plaintiff did not exhaust administrative remedies. The proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119-20.

### IV. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed July 6, 2011, should be GRANTED in full;
2. This action be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and
3. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 24, 2012

UNITED STATES MAGISTRATE JUDGE